IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

STARMART, INC., and JERRY FLUMMER
d/b/a PAK-A-SAK

      Plaintiffs,

v.                                                                  CV 99-PT-1143-E

WAL-MART STORES, INC., and
MURPHY OIL USA, INC.

      Defendants.

FILED
JUN 29 2001
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ENTERED
JUN 29 2001

## MEMORANDUM OPINION

This cause comes on to be heard on plaintiffs' objections to costs which have been assessed against them.[1] Plaintiffs' argued bases for contesting the clerk's cost assessment are the following:

(1)    The magistrate judge denied defendants' motion for attorney fees <u>and costs</u>. Plaintiffs argue that when this court accepted the magistrate judge's recommendation to deny the defendants' motion for attorney fees and costs as a condition of plaintiffs' dismissal of the action, the court foreclosed defendants' entitlement motion to not only any costs which might be imposed as sanctions, but also the "normal" or "routine" or "regular" etc. costs "of course" etc. which "shall be allowed" to the prevailing party . . . under Fed. Rules of Civ. Proc. 54-d)(1).

At the hearing, the parties gave the court permission to inquire of the magistrate judge

---

[1] The court conducted a hearing and gave both sides an opportunity to present evidence. Neither side did.

what his contemplation was when he made his recommendation. Judge Greene has told the court that Rule 54 (d) costs were not even a topic at the hearing conducted by him. This court had no such independent contemplation. That objection of the plaintiffs is overruled.

(2)    The plaintiffs further contend that this court's reference to costs was intended to be only "routine" costs. The court agrees that it referenced only Rule 54(d)(1) costs.

(3)    Plaintiffs further argue that the costs assessed are unreasonable, but they presented no evidence to rebut the reasonableness of the claimed costs. The court cannot simply determine that they are unreasonable without some evidentiary foundation.

(4)    Plaintiffs argue, without citation of authority, that the defendants were not prevailing parties. The plaintiffs cite no authority for this position. The plaintiffs had some ruling(s) in their favor, but obtained no relief.

(5)    Plaintiffs assert without evidentiary support that they do not have the ability to pay.

## Conclusion

The court has discretion, but not unbridled discretion. The court must follow the law and the evidence. The court did nothing to provoke the motion to dismiss. The objections will be overruled.

This the 27 day of June, 2001.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE